Charles F. Schroeder *v.* Samuel D. Waters and the Real Estate Title Insurance & Trust Company, of Philadelphia (Appellant), Owners, etc., and Samuel D. Waters, Contractor.

*Payment—Receipt—Mechanic's lien—Estoppel.*

On the trial of a scire facias sur mechanic's lien it appeared that plaintiff who had filed the lien was a subcontractor. One of the defendants, a trust company, was the surety of the contractor, and was the disbursing agent for the advanced money mortgagee, and had guaranteed to the latter the erection of the buildings clear of all mechanics' liens. It also had charge of the moneys used in erecting the buildings. Plaintiff having a considerable sum due to him gave to D., who was interested in the building contract, a written receipt made out to the trust company, and signed by himself, and the company thereupon paid the money called for by the receipt to D. Subsequently the original owners of the contract conveyed their respective interests to the trust company, which company, in order to protect itself, completed the building of the houses. D. paid over to plaintiff a portion only of the money received by him, and claimed that he had applied the balance to the payment of debts due upon the houses. Plaintiff subsequently filed a mechanic's lien for the amount which D. had failed to pay over to him. *Held*, (1) that the payment by the trust company to D. was the same as a payment to plaintiff in person; (2) that it was immaterial to what purposes D. had applied the money, or with what understanding the receipt had been given to him; (3) that the trust company was not required to make proof of actual loss; (4) that, as the trust company had guaranteed that the mortgagee should not be prejudiced by mechanics' liens, it had a direct and immediate interest that the disbursements it was making should go to the parties entitled to them under the contract, and thus prevent the filing of liens; (5) that plaintiff was not entitled to recover anything upon the scire facias.

Argued Jan. 10, 1896.    Appeal No. 456, Jan. T., 1895, by the Real Estate Title Insurance & Trust Company, one of the defendants, from judgment of C. P. No. 2, Phila. Co., June T., 1890, No. 135, M. L. D., on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.    Reversed.

Scire facias sur mechanic's lien.

The case was tried without a jury under the act of April 22, 1874.

PENNYPACKER, J., filed the opinion of the court, which was as follows:

Bernard Corr on September 6, 1888, sold to Samuel D. Waters a lot of ground on the south side of Lehigh avenue between Twenty-seventh and Twenty-eighth streets in the city of Philadelphia.    On the 14th of June, 1888, Waters had entered into an agreement with Hugh McKeever, a contractor, and John H. Duffin, a conveyancer, setting forth that he had secured the lot of ground, and for the consideration therein mentioned granted a one-third interest in the ground and the improvements to be erected to each of the said parties, and further agreed to take the title and hold it in trust for the joint benefit of all of them. Waters had also made an agreement with Corr dated June 25, 1888, under the terms of which Corr was to advance the sum of $62,000 as the work of building progressed, to be secured by mortgages.    The Real Estate Title Insurance & Trust Company was the surety for Waters for the payment of all the debts under the contract; it had charge of the moneys, and was the disbursing agent for Corr, and it guaranteed to Corr the erection of the buildings clear of all mechanics' liens.    On the 15th of August, 1888, the plaintiff entered into a written agreement with Waters, by the terms of which he undertook to do the marblework and stonework for the houses, and was to be paid the sum of $7,849 in four equal installments, the third installment to be paid when "the houses are finished."    The plaintiff performed the work provided for in the agreement and has been paid in full except the sum of $1,088.83, part of the third installment.    On the 12th of June, 1889, Duffin saw the plaintiff and obtained from him a receipt in the following words:

"Received Philadelphia June 12th 1889 of The Real Estate Title Insurance and Trust Co., per J. H. Duffin, Atty. the sum of fifteen hundred and eighty eight $\frac{83}{100}$ Dollars, being the balance of the 3rd payment and payment on account of laying above steps according to the terms of contract between S. D. Waters & myself.

"$1588.83.                    C. F. SCHROEDER."

Duffin delivered this receipt to the Real Estate Title Insurance & Trust Company, and received from it the sum named in the receipt, together with others, in a check to his own order. He paid to the plaintiff from the proceeds of this check the sum of $500. The plaintiff testifies that he was induced to give the receipt by statements of Duffin that the carpenter had failed to carry out his agreement and the owners were short of money, that the use of the money for a short time would enable the operation to proceed and without it they would be compelled to stop, and that in the event of its not being paid the plaintiff "could file a lien against the operation and recover the money." Duffin's account of what occurred when the receipt was given does not materially differ. In September and October, 1889, Waters, McKeever and Duffin by deeds conveyed their respective interests in the operation to the Real Estate Title Insurance & Trust Company, which company in order to protect itself, completed the building of the houses. At the time of the transfer the company was informed that the plaintiff had only been paid $500 of the third installment. The plaintiff after finishing his work filed a lien, and is now seeking to collect the $1,088.83, which he claims to be due to him.

The defendant relies upon the doctrine enunciated in the case of Jeffers v. Gill, that where one of two innocent persons must suffer, he must lose whose act of neglect has been the occasion of the suffering, and contends that since the plaintiff, by giving the receipt to Duffin, enabled Duffin to get the money from the company, he must bear the loss. The company is in the situation of the preceding owners. It bought from them with notice that the plaintiff had not been paid for his work. These owners could not have set up as a defense the fact that the plaintiff had given them a receipt for more than he had actually received, and if the company is in any better position it is because of

some payment it has made to Corr or some liability to him under the terms of its agreement with him. Without determining the question whether such a defense can be made in the present case we think the defense has failed for want of definite proof of any actual loss. Corr has not been produced to testify that he has incurred a loss. The company has not shown that it is liable to him for any sum which has been lost. The most that appears is that by the presentation of the receipt drawn by the plaintiff, Duffin was enabled to get the money from the company at a time when he had already overrun the advances, but it does not follow from this fact alone that there was a loss to Corr because of it, and a resultant liability on the part of the company. What Duffin, the borrower, did with the money does not clearly appear from the testimony. The suggestion he makes is that it was used by him in the payment of carpenters and in the conduct of the operation. If this be true, and it was used in relief of other moneys to be advanced by Corr, there would not be a loss. In any event the case of the company requires that it should show definitely that it was injured and to what extent. Nor does it appear that the plaintiff was informed of the terms of the contract between the company and Corr or the relations which existed between them. The company was a stranger to the contract between the plaintiff and Waters, trustee for the owners. When he had done his work, if he got his payment. for it, it was a matter of no consequence to him from whom the money came. His receipt to the company at the request of Duffin was no more than his receipt to Duffin would have been unless he knew that the company was representing some other interest.

The plaintiff testifies :

"Q. Did you know the relation which Mr. Corr bore to this operation? A. No, sir; I did not. Q. Did you know he was advancing money upon mortgages to complete the houses? A. No, sir; I did not. Q. Did you not know that the Real Estate Title Company was paying out mortgagee's money? A. I did not."

There is no contradiction of this testimony, except by Duffin, who says :

"Q. Did Mr. Schroeder know that the Real Estate Title Company represented Mr. Corr, the advance-money mortgagee, in the matter? A. He did."

Duffin cannot be regarded as a very reliable witness, as he was endeavoring, according to his own statement, to get as much money from the mortgagee as he could, but apart from that fact a general statement by a witness as to what another man knows is of little value. He does not say that he showed the agreement to the plaintiff, or that he informed him of its terms, or gave him any specific information.

Judgment will be entered for the plaintiff for the amount of his claim for $1,088.83, with interest from June 12, 1889.

*Error assigned* was in entering judgment for plaintiff.

*John G. Johnson*, for appellant.—There was error in the learned judge's finding that no loss on the part of the appellant was shown by the testimony.

There was error in the finding that the appellee did not know the relations existing between Corr, the appellant, and the owners.

There was error in finding that the conveyance by the owners to appellant was made with notice that the money for which it held appellee's receipt had not really been paid.

Under the circumstances of the case the appellee was estopped from maintaining his lien.

*Charles F. Linde*, for appellee.—The finding of facts by the court below have the same effect as if found by a jury. Com. v. L. V. R. R., 37 Leg. Int. 407; Jamison v. Collins, 83 Pa. 359; Lee v. Keys, 88 Pa. 175; Com. v. L. V. R. R., 104 Pa. 89; S. Maryland R. R. v. Moyer, 23 W. N. C. 555; Com. v. P. & R. R., 29 W. N. C. 101.

The parties and their privies only are bound by, or can take advantage of, an estoppel: 7 Am. & Eng. Ency. of Law p. 23.

The company was an insurer for Corr, the advanced mortgagee, that his money would reach the destination intended, and nothing more, and took all the risks incident to that position, and certainly that gave the company no standing as a party or privy to the contract between Waters et al. and Schroeder.

The parties, Schroeder and the Title Company, were stran-

gers to each other: Finney v. Finney, 16 Pa. 380; Robertson v. Reed, 47 Pa. 115.

No one would pretend that the giving of the receipt in question could be pleaded as an estoppel by Waters, McKeever and Duffin, the principals in the contract, for the amount of $1,588.83, when it is in evidence uncontradicted and corroborated by Duffin, that Schroeder received only the sum of $500 on account of the receipt. That being so, how can a stranger having no privity of contract set up a defense that is denied the principals in the contract.

OPINION BY MR. JUSTICE MITCHELL, February 3, 1896:

Stripped of irrelevant circumstances this case resolves itself into the simple question whether a plaintiff who has been paid once is entitled to demand payment a second time because his authorized collector, who got the money, retained part of it with plaintiff's consent, and failed to pay it back. The facts as found by the learned judge below are that plaintiff having done the work which entitled him to receive the third installment of his pay, authorized Duffin to collect it, and for that purpose gave him a written receipt made out to the appellant the Real Estate Title Insurance Company, and thereupon that company paid Duffin the money. In law that was the same as a payment to the plaintiff in person, and made an end of his claim. What inducements Duffin held out to plaintiff to authorize him to collect, and what he did with the money are wholly immaterial. In fact plaintiff gave Duffin the receipt to enable him to collect the money, with the understanding that Duffin should use part of it for other purposes, but it would have made no difference if he had not so agreed, and Duffin had embezzled or lost the money.

It is said that the appellant has not shown that it lost anything. It was not required to make any such proof. A debtor who has paid his debt once necessarily incurs a loss if he is made to pay it again. But in fact the appellant was agent for Corr the mortgagee, and surety that his mortgage should not be prejudiced by mechanics' liens. It had therefore a direct and immediate interest that the disbursements it was making should go to the parties entitled under the contract, and thus prevent the filing of liens. For this purpose it paid the money to plain-

tiff's agent, which was the same as paying it to plaintiff himself, and put an end to his claim against the appellant and against the buildings.

Judgment reversed and judgment ordered to be entered for defendants.